MEHR LAW OFFICE, A P.C.
TEDD A. MEHR – SBN 138668
P.O. BOX 1286
COLUSA, CA 95932
PH. (530) 458-5481
FAX (530) 458-5482

JACK KOPP – SBN 195799
1528 STARR DRIVE #B
YUBA CITY, CA 95993
PH. (530)674-4011
FAX (530) 674-5205

Attorney for Plaintiff,
RUSSELL SHANE WALLER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL SHANE WALLER, an individual<br><br>Plaintiff,<br><br>Vs.<br><br>COUNTY OF SUTTER, SUTTER COUNTY SHERIFF'S OFFICE, KEVIN YOUNG, HARVIR S. THIARA, STEVEN L. TRAYNOR; and DOES 1 through 100, inclusive<br><br>Defendants. | No: 2:22-cv-00246-JAM-DB<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES: ASSAULT; BATTERY; NEGLIGENCE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 U.S.C. 1983,); VIOLATION OF CIVIL CODE §52.1 (BANE CIVIL RIGHTS ACT), FALSE IMPRISONMENT AND TRESPASS, AND DEMAND FOR JURY TRIAL |

Plaintiff, Russell Shane Waller, complains of Defendants, County of Sutter, Sutter County Sheriff's Office, Kevin Young, Harvir S. Thiara, Steven L. Traynor, and Does 1-100, and each of them, for Causes of Action that occurred in the City of Live Oak, County of Sutter, California, as set forth herein, as follows:

## Parties

1.  Plaintiff, Russell Shane Waller, as an individual, who at all times mentioned, is a resident of the County of Sutter.

2.  Defendant, the County of Sutter ("County"), a public entity existing pursuant to the laws of the State of California, whose principal place of business is 1160 Civic Center Boulevard, Suite A, Yuba City, California, 95993.

3.  Defendant, Sutter County Sheriff's Office ("Sheriff"), is a department of the County of Sutter, whose principal place of business is 1077 Civic Center Boulevard, Yuba City, California, 95993, and was, and continues to be, the employer of Defendants, Kevin Young, Harvir S. Thiara and Steven L. Traynor.

4.  Kevin Young ("Young"), Harvir S. Thiara ("Thiara") and Steven L. Traynor ("Traynor") are Sheriff Deputies, and at all times relevant to this Complaint are employed, as Sheriff Deputies, by the Sutter County Sheriff's Office, a department of the County of Sutter.

5.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-100, inclusive, and therefore, sue those Defendants by said fictional names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained.

Plaintiff is informed and believes, and therefore alleges, that each of these fictionally named Defendants are responsible in some manner for the occurrences herein alleged, and that

Plaintiff's damages herein alleged were proximately caused by their conduct.

6. Young, Thiara and Traynor are responsible for the acts committed during the course and scope of their employment as Sheriff Deputies pursuant to Government Code §815.24.

7. Plaintiff timely served County with a Claim for Damages pursuant to Government Code §910 and 911, et seq., on August 26, 2020, and said Claim was denied by said public entity on October 12, 2020. Plaintiff has complied with the applicable claim's statutes as the current lawsuit is filed within six months of the date of the rejection of the government claim.

8. Plaintiff is informed and believes, and based thereon allege, that all times herein relevant and material, Defendants, and each of them, were the agents, co-conspirators, servants, employees, partners, joint venturers, predecessors in interest, successors in interest, and authorized representatives of each of the other Defendants, and were at all times relevant herein acting within the purpose, course and scope of their agency, conspiracy, service, employment, partnership, joint ventures and/or representation, and with the knowledge, permission and consent of their principal, employer, partners, joint venturers, co-conspirators, and Co-Defendants.

9. At all times mentioned herein, County was a public entity under Government Code Sections 814, et seq., duly

organized and existing under and by virtue of the laws of the State of California.

10. At all times mentioned herein, Defendant Sheriff was a public entity and/or was a department of Defendant County under Government Code Sections 814, et seq., duly organized and existing under and by virtue of the laws of the State of California.

11. At all times relevant hereto, said Defendants, and each of them, were acting within the course and scope of their employment as Deputies, Sergeants, Captains, Commanders, and/or civilian employees or agents of Sheriff which are departments and/or subdivisions of County, and at all times were acting with permission and consent of their Co-Defendants. Said Defendants, and each of them, were specifically authorized by County and/or the Sheriff to perform the duties and responsibilities of sworn Sheriff Deputies of and for County, and/or Sheriff, and all acts hereinafter complained of were performed by them within the course and scope of their duties as deputies and officials for County, and Sheriff, and are herein sued in their individual capacities, and in their official capacities as Deputies, Sergeants, Captains, Commanders, Supervisors, policy makers and/or as other employees of Sheriff. Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances,

regulations, policies, customs, practices and usages of County and/or Sheriff.

12. County and/or Sheriff encouraged, conspired, assisted, ratified and/or with deliberate indifference, failed to prevent all of the herein acts and omissions of Defendants, and each of them.

13. Venue is proper in this judicial district because the acts at issue transpired in the City of Live Oak, County of Sutter, California. Jurisdiction is proper because Plaintiff's claim exceeds the jurisdictional minimum.

14. Plaintiff is informed, believes and thereon alleges that County, Sheriff, Young, Thiara and Traynor, and each of them, have a history of illegal conduct including, but not limited to, of use of excessive force, assault, battery, negligence and all other tortious conduct. Said misconduct was encouraged, tolerated and condoned by Defendants, and each of them, leaving County, and/or Sheriff, liable for their negligence in their failure to supervise, train, discipline, and monitor Young, Thiara and Traynor.

15. At all times relevant to the present complaint, Young, Thiara and Traynor were acting within their capacity as employee, agent, representative and servant of County and/or Sheriff, they are liable under the doctrine of respondeat superior pursuant to § 815.2 of the California Government Code, et al.

General Allegations

16. Plaintiff refers to paragraphs 1-15, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

17. Plaintiff's causes of action in this matter stem from severe injuries sustained by Plaintiff on March 9, 2020, a direct result of the of excessive force and related acts, by Young, Thiara and Traynor at Plaintiff's home located at 10120 J Street, Live Oak, California, 95953, by unlawfully entering Plaintiff's home, physically assaulting Plaintiff by throwing him into a wall and slamming him into a tile floor, and thereafter unlawfully arresting Plaintiff.

18. On or around March 9, 2020, Defendants Young, Thiara and Traynor arrived at Plaintiff's home as Plaintiff was entering his home. Without a warrant, without probable cause, and not in pursuit, Defendants Young, Thiara and Traynor, and each of them individually and acting in concert, kicked in Plaintiff's front door, slammed him against a wall and tackled him onto the tile floor of the living area, restrained, punched, imprisoned, and brutally assaulted Plaintiff. Plaintiff was placed in handcuffs, unlawfully arrested and taken to jail.

19. Earlier in the day of March 9, 2020, and prior to the acts set forth in paragraph 18 above, Plaintiff appeared in court and was granted an OR Release for the charges for which Defendants Young, Thiara and Traynor arrested him. Following

plaintiff's court appearance, he traveled to his home and provided his mother with a copy of his OR Release form provided by the court staff. Plaintiff's mother telephonically contacted and thereafter met with Sutter County Sheriff's Department Live Oak Sub-Station commanding officer, Sergeant Hungrige, to provide Sergeant Hungrige a copy of the court paperwork. (See Exhibit A attached hereto and incorporated herein by reference.)

20. Young, Thiara and Traynor knew, or should have known, with the exercise of reasonable diligence, that there was no warrant for Plaintiff's arrest, no cause existed to enter his residence, for any purpose, including the detention and arrest of Plaintiff, a deprivation of his liberty. Additionally, upon Plaintiff's detention at his home, Plaintiff's mother provided a copy of the court release paperwork to Defendants Young, Thiara and Traynor. Notwithstanding, the court release form revealing Plaintiff had appeared in court on the charges, and was granted a release on his own recognizance, and no warrant was outstanding, Defendants Young, Thiara and Traynor arrested Plaintiff, placed Plaintiff in a patrol vehicle and transported him to jail where he was further detained.

Prior to his arrest, Defendants Young, Thiara and Traynor conspired among themselves, and the County and Sheriff Department records and jail personnel, to deprive Plaintiff of his liberties as provided by the U.S. Constitution's Fourth Amendment.

21.   Absent a valid warrant, Young, Thiara and Traynor had no lawful purpose or reason to unlawfully enter Plaintiff's home, kick in his door, tackle him, severely beat him, and arrest him.

22.   After the above referenced attack, Plaintiff was arrested and taken to the Sutter County Jail.   Prior to the arrest, not one of the Defendants Young, Thiara and Traynor made any effort to confirm the authenticity of Plaintiff's court issued paperwork, and in fact conspired between themselves to ignore the Court paperwork and deprive Plaintiff of his liberties.

23.   Upon being booked into the Sutter County Jail, and upon jail personnel doing a basic records check, it was determined that no warrant was issued, there was no probable cause to arrest Plaintiff as he had appeared in court earlier in the day.   Jail staff thereafter contacted Defendant Young who advised Plaintiff should be booked for resisting arrest.

24.   Defendants, Young, Thiara and Traynor, unlawfully arrested and booked Plaintiff.   No charges were ever filed against Plaintiff related to the arrest as described above.

25.   As a direct and proximate result of Defendants', and each of them, actions, Plaintiff suffered substantial physical injuries, including, but not limited to, neck pain, knee pain, shoulder pain and lumbar spine injury.   Further, Plaintiff suffered a broken tooth.   In addition, Plaintiff has, and

continues to suffer, emotional distress and psychological injuries. Plaintiff also suffered property damage to his home and his belongings.

26. Plaintiff is informed and believes and thereon alleges that in addition to violating the civil rights of Plaintiff by unilaterally entering into his home, assaulting him, battering him, inflicting physical pain and inflicting emotional distress and unlawfully arresting him, Defendants, and each of them, additionally conspired to violate the civil rights of Plaintiff and thereafter conspired to cover up said violation of the civil rights of Plaintiff by fabricating a false criminal charge of resisting arrest. Said charge was never prosecuted by the Sutter County District Attorney.

27. Plaintiff is informed and believes and thereon alleges that County and/or Sheriff, and each of them, conspired to conduct a false investigation and turn a blind eye to the abuse of rights administered by Young, Thiara and Traynor on Plaintiff on March 9, 2020. Said force was unwarranted, unlawful and excessive. As a result of said illegal entry, arrest and excessive force Plaintiff sustained serious injuries, and suffered mental and physical pain, and shock to his nervous system, fear, anxiety, torment, degradation and extreme emotional distress. Plaintiff continues to suffer from the physical injury and emotional trauma as a result of this incident.

28.    Accordingly, Plaintiff is entitled to punitive and exemplary damages against all Defendants, County, Sheriff, Young, Thiara and Traynor, and Does 1-100, in an amount to be determined according to proof at Trial.

29.    This lawsuit is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunities secured to Plaintiff by the Fourth Amendment to the United States Constitution, and by California Civil Code §52.1.

30.    Plaintiff has a liberty interest in being free from abusive governmental action and to be accorded procedural and substantive due process of law. Plaintiff has a property interest in recovering for his injury and damages sustained to his person and the violation of his constitutional rights. Plaintiff also has a liberty interest in maintaining his personal integrity, dignity, reputation and honor. All of these rights and privileges secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 United States Code Section 1983, and by California Civil Code §52.1. All of these interests were implicated by the wrongful conduct of the Defendants, which caused injury and damages to Plaintiff.

31.    Defendants each acted in concert. Each of the Defendants, separately and in concert, acted willfully, intentionally, knowingly, and/or with reckless disregard and

callous indifference to deprive Plaintiff of his rights and privileges, and did in fact violate these rights and privileges.

32. County and Sheriff, are responsible for its employees' conduct, pursuant to Government Code §815.2. Additionally, County and Sheriff, are liable under California Government Code §815.2, and are responsible for injuries caused by County and Sheriff employees within the course and scope of their employment.

33. At all times herein mentioned, Government Code Section 820 was in existence, which states in pertinent part as follows:

(a) Except as otherwise provided by statute (including Section 820.02), a public employee is liable for injury caused by his act or omission to the same extent as a private person.

(b) The liability of a public employee established by this part (commencing with Section 814) is subject to any defense that would be available to the public employee if he were a private person.

34. At all times herein mentioned, Government Code Section 815.2 was in existence, which states in pertinent part as follows:

(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart

from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

35. At all times herein mentioned, Civil Code Section 1714 (a.) was in existence which states in pertinent part as follows:

Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person.

36. At all times herein mentioned, Plaintiff had a civil right, pursuant to the above-referenced Government codes and to California Civil Code 43, to be free from an unlawful and unprivileged apprehension of a harmful contact with his person by a public entity and/or public employee. California Civil Code 52.1, protects Plaintiff from an interference and violation of state civil rights to be free from an unlawful and unprivileged harmful contact with their person.

<u>First Cause of Action</u>

<u>Assault</u>

<u>Against All Defendants</u>

37.  Plaintiff refers to Paragraphs 1 through 36, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

38.  On or about March 9, 2020, Plaintiff was entering his home, in the City of Live Oak, County of Sutter, California. At the time of the incident, Plaintiff was doing nothing unlawful, was simply entering his home, did not run from officers, violate any law or create a disturbance, and did not resist Young, Thiara and Traynor before, at the time of, or after he sustained severe injuries.

39.  Young, Thiara and Traynor, in full uniform and on active duty for County and Sheriff, intended to cause, and did cause, Plaintiff to suffer apprehension of an immediate harmful contact.

40.  As a direct and proximate result of said tortious acts, and omissions or conduct of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

(a)  Serious and severe personal injuries;

(b)  Expenses for medical procedures, medical care and treatment;

(c)  Loss of present earnings, future earnings and earnings' potential;

(d)  General  damages  for  pain,  suffering,  anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities;

(e)  Expenses  for  future  medical  care,  treatment  and healing; and

(f)  Other  and  further  damages  not  specifically  enumerated but  for  which  Plaintiff  will  seek  leave  of  court  to  amend according to proof at the time of Trial.

41.  The aforementioned acts of Young, Thiara and Traynor were  willful,  malicious  and  oppressive,  without  legal justification  or  legal  authority  and  thereby  justify  the awarding of punitive damages in a sum according to proof against Young, Thiara and Traynor.

Second Cause of Action

Battery

Against All Defendants

42.  Plaintiff  refers  to  Paragraphs  1  through  41, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

43.  On or about March 9, 2020, Plaintiff was entering his home, in the City of Live Oak, County of Sutter, California. At the time of the incident, Plaintiff was doing nothing unlawful, was simply entering his home, did not run from officers, violate

any law or create a disturbance, and did not resist Young, Thiara and Traynor before, at the time of, or after he sustained severe injuries.

44. Young, Thiara and Traynor were on duty, in full uniform, and acting in the course and scope of their employment with County and Sheriff, when they physically attacked Plaintiff.

45. While Plaintiff was simply walking into his home, without probable cause or warrant, Young, Thiara and Traynor broke down the door, tackled him on the hard entryway floor, beat him severely and detained him unlawfully.

46. Young, Thiara and Traynor did not have any provocation, a warrant, probable cause or reason to batter Plaintiff.

47. The actions of Defendants, and each of them, constituted an intentional, unlawful, harmful and offensive contact with the person of Plaintiff. By reason of the wrongful and malicious acts of Defendants, Plaintiff was injured in health, strength, and activity and has suffered extreme mental anguish and physical pain.

48. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

(a)  Serious and severe personal injuries;

(b)  Expenses for medical procedures, medical care and treatment;

(c)  Loss of present earnings, future earnings and earnings' potential;

(d)  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities;

(e)  Expenses for future medical care, treatment and healing;

(f)  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of Trial; and

49.  The aforementioned acts of Young, Thiara and Traynor were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof against Young, Thiara and Traynor.

### Third Cause of Action

### Negligence

### Against All Defendants

50.  Plaintiff refers to Paragraphs 1 through 49, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

51.  At all times herein mentioned, Defendants, and each of them, had a duty to refrain from engaging in actions in which there was a lack of due care as to Plaintiff's safety and physical security.

52.  Young, Thiara and Traynor, in addition, had a duty of care to perform their job in a safe and controlled manner. County had a duty to assure that Sheriff screened, hired, trained, supervised and discipline its deputies.  Sheriff had a duty to screen, hire, train, supervise, oversee and discipline its deputies.

53.  At all times herein mentioned, Young, Thiara and Traynor, County and Sheriff, failed to exercise due care and breached their duty of due care by allowing Plaintiff to be assaulted and beaten as aforesaid.  County and Sheriff negligently hired, retained, supervised, disciplined and trained Young, Thiara and Traynor.

54.  On March 9, 2020, Plaintiff is informed and believes, and thereon alleges that County, Sheriff, and Young, Thiara and Traynor, and each of them, negligently breached their duty of due care to Plaintiff by beating, striking, and causing

Plaintiff to be seriously injured.  Further, County and Sheriff knew or should have known through the exercise of ordinary prudence of Young, Thiara and Traynor's violent propensities, and failed to take corrective actions to protect the public from same.

55.  In doing the aforementioned acts, County, Sheriff, Young, Thiara and Traynor, and each of them, their conduct was outrageous, malicious, and done with reckless disregard of the probability that Plaintiff would suffer extreme physical pain, emotional and mental distress, fear, anxiety, and mental anguish.

56.  As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

(a)  Serious and severe personal injuries;

(b)  Expenses for medical procedures, medical care and treatment;

(c)  Loss of future earnings and earnings capacity;

(d)  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental

suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities;

(e) Expenses for future medical care, treatment and healing; and

(f) Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of Trial.

57. The aforementioned acts of Young, Thiara and Traynor were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof against Young, Thiara and Traynor.

Fourth Cause of Action

Banes Civil Rights Act (Civil Code §52.1)

Against All Defendants

58. Plaintiff refers to Paragraphs 1 through 57, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

59. County, Sheriff, Young, Thiara and Traynor interfered and/or attempted to interfere, by intimidation, coercion, and/or credible threats of violence, with the exercise of enjoyment by Plaintiff of rights secured by the Constitution and laws of the

United States, or of the rights secured by the Constitution or laws of the State of California. Plaintiff's rights include but are not limited to Civil Code §52.1 and the Fourth Amendment to the United States Constitution.

60. Defendants, and each of them, were acting within the course and scope of their employment by County and Sheriff, and were, at least in part, serving a purpose of their own in carrying out the above misconduct against Plaintiff. Individual Defendants were motivated, at least in part, by malice and ill will toward Plaintiff.

61. As the proximate result of County, Sheriff, Young, Thiara and Traynor's misconduct, Plaintiff suffered damages. Plaintiff is entitled pursuant to Civil Code sections 52.1, to an award of actual general and special damages, exemplary damages, and reasonable attorney's fees as may be determined by the Court. Plaintiff has retained the legal services of attorneys Tedd A. Mehr and Jack Kopp, and incurred an obligation for fees. Plaintiff is also entitled to an injunction against further interference with Plaintiff's legal rights.

62. The factual allegations giving rise to the cause of action are set forth in detail above. The result of the acts of the Defendants, and each of them, was the violation of Plaintiff's rights to the protections given by the Fourth Amendment to the United States Constitution, specifically the

right to be free unlawful/warrantless entry to his home (unlawful search and seizure), his right to be free from excessive force by law enforcement officers, and the right to be free from unlawful/warrantless arrest by government agents (Sheriff Deputies).

63.    The aforementioned acts of the County, the Sheriff's Department, and Young, Thiara and Traynor were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof against all Defendants.

## Fifth Cause of Action

### Deprivation of Civil Rights under Color of Law

(Title 42 U.S.C. §1983, et seq.)

### Against All Defendants

64.    Plaintiff refers to Paragraphs 1 through 63, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

65.    This action at law for money damages arises under Title 42 U.S.C. Sections 1983, 1985, 1986 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to

Plaintiff by said statutes, and by the Fourth Amendment of the United States Constitution.

66. The events, acts and omissions herein complained of began on or about March 9, 2020. On or about March 9, 2020, Defendants, and each of them, violated Plaintiff's Civil Rights under the Fourth Amendment of the United States Constitution prohibiting unlawful search and seizure, unlawful entry of Plaintiff's home, unlawful use of excessive force, unlawful arrest and violation of due process of law. Defendants and each of them, acted in violation of the Fourth Amendment of the United States Constitution when unlawfully entered Plaintiff's home, seized Plaintiff's person, subjected Plaintiff to excessive and unreasonable force, and unlawfully detained and arrested Plaintiff.

67. The actions of Defendants as aforesaid violated the Fourth Amendment of the United States Constitution and violated 42 U.S.C. Section 1983 as Defendants violated Plaintiff's Civil Rights. The violation of Plaintiff's Civil Rights directly and proximately caused the injuries and damages to Plaintiff as more fully set forth below.

68. Defendants' actions as aforesaid directly and proximately caused injuries and damages to Plaintiff as more fully set forth above and below.

69.  On March 9, 2020 Defendants violated Plaintiff's Civil Rights in using a degree of physical force which was greater than any threat necessary and which was not objectively reasonable in light of all the circumstances. Plaintiff posed no immediate threat to the safety of Young, Thiara and Traynor, or others, and was not resisting arrest or attempting to evade arrest by flight. Defendants' use of excessive force was unreasonable and in violation of Plaintiff's Civil Rights under the Fourth Amendment of the United States Constitution to be free from an unreasonable seizure of his person, free from use of excessive force, and to be free from a loss of physical liberty. Defendants' unlawful entry, use of excessive force against Plaintiff and unlawful arrest was in violation of his Fourth Amendment rights and his right to be free from the loss of physical liberty. Defendants' actions were in violation of 42 U.S.C. Section 1983 and as set forth in <u>Graham v. Connor</u>, 490 US 386 (1989).

70.  The Sutter County Sheriff is the County's final decision maker in matters related to hiring, discipline, policy, training, communications, custom and practices of the Sutter County Sheriff's Office, and all of its deputies, non-sworn staff, jail staff and administrative employees.

The Sutter County Sheriff's Office has been, and continues to be, the named defendant in multiple lawsuits alleging police

abuse, excessive force, unlawful entry and unlawful arrest, so much so that a long standing and continuing practices of violating citizens Fourth Amendment rights is clear and apparent.

The basis of these patterns of violation of constitutional protection, is the continued, with full knowledge of its Deputies, of inadequate training, failure to discipline and put in place procedures and policies to prevent tortious and unfair conduct by it deputies and other employees.

The County, by and through its Sheriff's Office is aware of and acquiesced to the patter of constitutional violations. The County's actions were taken with deliberate indifference as to its known consequences.

71. Knowing the parties, claims, lawsuits and violation of citizen's rights is a current, past and ongoing problem with the Sheriff's Office, the County disregarded the known and obvious consequences of the Sheriff's Office acts.

72. Plaintiff is informed and believes, and based on that belief alleges, the County and the Sheriff's Office knew of past acts by Young, Thiara and Traynor of the violation of personal civil rights and Constitutional protection, based on past incidents, and knew or should have known that these deputies were highly likely to inflict the particular injuries suffered

by Plaintiff herein, as outlined above, and that their actions would be, and were, a violation of Plaintiff's Fourth Amendment rights to be free of unlawful search and seizure, unlawful use of excessive force, and unlawful arrest.

The County and the Sheriff's Office continued adherence to the above described policies, practices and behavior, knew or should have known, their policy, practice and behavior, has failed to prevent tortious conduct by employees, establishing a conscience disregard for the consequences of their actions, with deliberate indifference, necessary to trigger the liability of the County for the tortious and Constitutional violation its deputies, including the Defendants herein.

73. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and extreme emotional distress.

74. All Defendants are liable for the injuries and damages proximately caused to Plaintiff as Defendants, and each of them, failed to perform a legally required act and showed deliberate indifference to the safety of Plaintiff by failing to intervene to prevent a violation of Plaintiff's Constitutional Rights. Defendants, and each of them, also conspired to cover-up the violation of Plaintiff's Civil Rights.

75. It was the policy and/or custom of County, and Sheriff, and each of them, to inadequately and improperly investigate citizen complaints of misconduct. Reported acts of misconduct were instead tolerated by the County and Sheriff.

76. It was the policy and/or custom of the County and Sheriff to inadequately supervise and train its Deputies, including Young, Thiara and Traynor, thereby failing to adequately discourage further Constitutional violations on the part of its Deputies.

77. As a result of the above-described policies and/or customs, Young, Thiara and Traynor believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

78. The above-described policies and/or customs demonstrated a deliberate indifference on the part of policy makers of County and Sheriff, to the Constitutional Rights of persons within the County of Sutter, and were the cause of the violations of the civil rights of Plaintiff as alleged herein.

79. Young, Thiara and Traynor are individually liable for the violation of Plaintiff's Civil Rights apart and aside from the customs, policies and practices of County and Sheriff, and each them violated Plaintiff's Civil Rights on March 9, 2020.

80.  As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and incurred the following injuries and damages:

(a)  Serious and severe personal injuries;

(b)  Severe emotional distress;

(c)  Plaintiff suffered loss of future earnings capacity;

(d)  Other special damages including future medical care;

(e)  Other general damages; and

(f)  Other damages according to proof at the time of Trial.

### Sixth Cause of Action

### Intentional Infliction of Emotional Distress

### Against All Defendants

81.  Plaintiff refers to Paragraphs 1 through 80, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

82.  On March 9, 2020, said conduct by Young, Thiara and Traynor constituted outrageous conduct intended to cause Plaintiff emotional distress or with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

83. Said conduct by Young, Thiara and Traynor was a substantial factor in causing Plaintiff to suffer severe emotional distress.

84. Said conduct of Young, Thiara and Traynor constitutes an act of an employee of the public entity, County and Sheriff, within the scope of their employment which gives rise to a cause of action against that employer. Therefore, County and Sheriff are liable for injuries proximately caused by said act in accordance with Government Code 815.2(a).

85. As a further direct and proximate result of the aforementioned intentional infliction of emotional distress, Plaintiff was injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and severe emotional suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent disability to the Plaintiff.

86. As a further direct and proximate result of the aforementioned intentional infliction of emotional distress, Plaintiff was required to, and did, employ physicians to examine, treat and care for him, and did incur medical and incidental expenses, in an amount to be proven at the time of Trial herein. Plaintiff is informed and believes and thereon

alleges that there will be some additional medical expenses, the exact amount of which is unknown to Plaintiff at this time, but which will be proven at the time of Trial herein.

87.   Plaintiff has lost pre-judgment interest pursuant to Civil Code Section 3291, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

88.   The aforementioned acts of Young, Thiara and Traynor were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof against Young, Thiara and Traynor.

### Seventh Cause of Action

### False Imprisonment — Arrest Without A Warrant

### Against All Defendants

89.   Plaintiff refers to Paragraphs 1 through 88, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

90.   Plaintiff, while entering his home on March 9, 2020, closed his front door, thereafter Defendants Young, Thiara and Traynor kicked down his door, tackled Plaintiff to the floor, beat him, cuffed and detained him, and subsequently arrested him.

91.    Defendants, and each of their actions were malicious, and without a warrant or order of commitment, or any other legal authority of any kind.  Plaintiff had not committed any crime or public offense.

92.    Defendants  Young,  Thiara  and  Traynor  arrested Plaintiff, and took him to the Sutter County Jail, when in fact no offense had occurred, nor did Defendants Young, Thiara and Traynor have probable cause to believe Plaintiff had committed a criminal offense.

93.    Upon  transport  to  the  Sutter  County  Jail,  Plaintiff was imprisoned for a number of hours until the jail determined there was  no  warrant  and  no  offense  committed,  then  he  was released.  No criminal charges were ever filed.

94.    As  a  direct  and  proximate  result  of  said  tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

(a)  Serious and severe personal injuries;

(b)  Expenses  for  medical  procedures,  medical  care  and treatment;

(c)  Loss of future earnings and earnings capacity;

(d) General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities;

(e) Expenses for future medical care, treatment and healing; and

(f) Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of Trial.

95. The aforementioned acts of Young, Thiara and Traynor were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof against Young, Thiara and Traynor.

<u>Eighth Cause of Action</u>

<u>Unlawful Entry – Trespass</u>

<u>Against All Defendants</u>

96. Plaintiff refers to Paragraphs 1 through 195, inclusive, and by this reference incorporates said paragraphs as though fully set forth herein.

97.  On March 9, 2020, Defendants Young, Thiara and Traynor, without Plaintiff's consent, or lawful right of entry, kicked in Plaintiff's door, and entered his home at 10120 J Street, Live Oak, California.

98.  As a direct and proximate result of Defendants' unlawful entry, and kicking the door in, Plaintiff's property was damaged to such an extent that repairs were necessary to repair the damage to the home, in an amount to be proven at Trial.

99.  As a further proximate result of the unlawful entry and trespass, Plaintiff suffered physical injuries, discomfort, annoyance and mental suffering caused by fear for his safety.

Plaintiff suffered injuries which continue to cause Plaintiff mental, physical and nervous pain and suffering.

100.    As a direct and proximate result of said tortious acts, and omissions or conduct of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

a.   Serious and severe personal injuries;

b.   Expenses for medical procedures, medical care and treatment;

c.   Loss of future earnings and earnings capacity;

d.   General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities;

e.   Expenses for future medical care, treatment and healing; and

f.   Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of Trial.

101.   The aforementioned acts of Young, Thiara and Traynor were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof against Young, Thiara and Traynor.

<u>Prayer</u>

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For all special damages including, but not limited to, expenditures for all past and future medical care, treatment and services in connection with Plaintiffs' injuries, in a sum to be determined according to proof at the time of Trial;

2.   For all special damages including, but not limited to, loss of future earnings, and earnings potential;

3.   For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of the ability to engage in normal and customary life activities;

4.   For all damages incurred to Plaintiff's residence for repair and replacement;

5.   For other and further general damages in a sum according to proof at time of Trial;

6.   For prejudgment interest pursuant to California Civil Code Section 3291 and other relevant statutory and case law according to proof;

7.   For costs of suit incurred herein;

8.   For such other and further relief as this court may deem just and proper;

9.   For Reasonable Attorneys' Fees and Costs to Plaintiff pursuant to California Civil Code §52.1, and 42 U.S.C. §1983; and

///

10.  For exemplary and punitive damages.

11.  Plaintiff further demands a trial by jury.


Dated: _____3/11_____, 2022

TEDD A. MEHR

EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SUTTER**

STREET ADDRESS: 1175 Civic Center Boulevard
MAILING ADDRESS: 1175 Civic Center Boulevard
CITY AND ZIP CODE: Yuba City, CA 95993
BRANCH NAME:

FOR COURT USE ONLY

PEOPLE OF THE STATE OF CALIFORNIA, plaintiff

VS.

DEFENDANT: Russell Shane Waller

**RELEASE ON OWN RECOGNIZANCE AGREEMENT**
(Penal Code §§1318 & 1320)

CASE NUMBER: CRF20-0633

**I, THE DEFENDANT, BEING RELEASED ON MY OWN RECOGNIZANCE, PROMISE & AGREE THAT:**

1. I will appear at all times and places, as ordered by this court or magistrate or by any court in which, or any magistrate before whom, the charge is subsequently pending.
2. I will not leave the State of California without prior permission of the Court.
3. I hereby waive my extradition rights and rights to associated proceedings if I fail to appear as requested and I am apprehended outside of the State of California.
4. I understand and agree that the court, in its discretion, may, at any time, revoke this order for release and require my immediate confinement and/or appearance before the court or magistrate.
5. I have been informed of the consequences and penalties applicable to any violation of the conditions of my release. I understand that those consequences and penalties include the fact that my willful failure to appear as required is punishable as a separate offense.
   a. If I am released on a misdemeanor charge, the separate offense is a misdemeanor punishable by up to six (6) months in jail and/or a maximum fine of $1,000.
   b. If I am released on a felony charge, the separate offense is a felony punishable by up to three (3) years in prison and/or a maximum fine of $5,000.
6. I will obey all reasonable conditions imposed by the court or magistrate, specifically:
   a. ☐ Personally presenting myself to a booking officer at the Sheriff's Department, 1077 Civic Center Blvd., Yuba City, CA to be booked on the charges pending in the above-entitled matter, (after booking, defendant to be released);
   b. ☐ Submit my person, property, residence, and vehicle to a search for controlled substances and associated paraphernalia / stolen property / alcohol / dangerous or deadly weapons or firearms to any law enforcement or probation officer, any time of the day or night, without or without a search warrant;
   c. ☐ Submit to chemical testing to detect the use of controlled substances / alcohol upon demand of any law enforcement or probation officer;
   d. ☒ Not contact, batter, annoy, threaten, harass, strike, bother: Kristina Sims;
   e. ☐ Not be within _____ feet / yards of the residence / business located at: _____
   f. ☐ Comply with all orders on the Pretrial Services Agreement;
   g. ☐ Other: _____

I understand & agree to abide by the above terms & conditions & to appear as required. I understand that violation of any of the above terms & conditions may result in my remand to custody and/or prosecution for willful disobedience of a court order.

Date: 3-9-2020

_____ (DEFENDANT'S SIGNATURE)

10120 5st liveoak (ADDRESS)    580-415-1142 (TELEPHONE NUMBER)

**JAILER'S / CLERK'S / JUDGE'S ORDER**

Pursuant to the foregoing agreement, the defendant is hereby released upon his/her own recognizance & ordered to appear in the above-entitled court on:

Date: 4-8-2020    Time: _____

Signature: Kelli Smith

CONTROLLED DOCUMENT
Duplication or Reissue Controlled by Law
SUTTER COUNTY SHERIFF'S OFFICE