UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL SHANE WALLER,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SUTTER, et al.,<br><br>        Defendants. | No. 2:22-cv-00246-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS** |

I.  BACKGROUND

This Section 1983 action arises from a March 9, 2020 incident in which Russell Shane Waller ("Plaintiff") alleges three Sutter County sheriff deputies arrived at his home, kicked in his front door, slammed him against a wall, tackled him onto the floor, assaulted him, placed him in handcuffs, and unlawfully arrested him. See Sec. Am. Compl. ("SAC") ¶¶ 17-18, ECF No. 7. Before the Court is Sutter County and Sutter County Sheriff's Office's ("Defendants"[1]) motion to dismiss. See Mot., ECF No. 9-

---

[1] As Defendants note, Plaintiff names both Sutter County and Sutter County Sheriff's Office as Defendants; however, the County Sherriff's Office is not a separate entity, but a department of the County. See Mot. at 2 n.2.

1

1. Specifically, Defendants move to dismiss the fifth cause of action for Monell v. Dep't. of Soc. Servs. of City of New York, 436 U.S. 658 (1978)("Monell") liability. Id.; see also SAC at 21-27.[2] Plaintiff filed an opposition, see Opp'n, ECF No. 15, to which Defendants replied, see Reply, ECF No. 16. For the reasons below, the Court grants Defendants' motion.[3]

## II.   OPINION

### A.   Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

---

[2] The Court acknowledges and appreciates the parties' meet and confer efforts and narrowing of the issues for review. See Mot. at 2 n.1.

[3] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 7, 2022.

2

B.  Analysis

A public entity is subject to liability under Section 1983 only when a violation of a federally protected right can be attributed to: (1) an express municipal policy, such as an ordinance, regulation or policy statement, Monell, 436 U.S. at 691-692; (2) a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law", City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); (3) the decision of a person with "final policymaking authority," id. at 123; or (4) inadequate training that is deliberately indifferent to an individual's constitutional rights, City of Canton v. Harris, 489 U.S. 378, 388 (1989).  To properly state a Monell claim, allegations in a complaint "may not simply recite the elements . . . but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

Here, the parties dispute whether Plaintiff's Monell claim is factually supported.  See Mot. at 7-9; Opp'n at 14-15.  The allegations supporting Plaintiff's fifth Monell cause of action are set forth in paragraphs 64-80.  SAC ¶¶ 64-80.  After careful review of these paragraphs, the Court finds they are wholly conclusory and therefore insufficient.  See Iqbal, 556 U.S. at 678 (explaining the court need not "accept as true a legal conclusion couched as a factual allegation.")  Additionally, most of Plaintiff's legal argument was in the portion of his

1  brief that violated the Court's page limit for opposition
2  memoranda and thus was not considered. See Order re Filing
3  Requirements at 1, ECF No. 2-2; see also Opp'n at 16-18.  But
4  even the limited legal argument the Court did consider, see
5  Opp'n at 14-15, does not save this cause of action because the
6  issue is a lack of factual support.  The Court therefore grants
7  Defendants' motion.
8      The only remaining issue is whether Plaintiff should be
9  granted leave to amend.  Courts dismissing claims under Federal
10 Rule of Civil Procedure 12(b)(6) have discretion to permit
11 amendment, and there is a strong presumption in favor of leave to
12 amend.  Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-
13 52 (9th Cir. 2003).  "Dismissal with prejudice and without leave
14 to amend is not appropriate unless it is clear . . . that the
15 complaint could not be saved by amendment."  Id. at 1052.
16     Defendants argue leave should be denied because Plaintiff is
17 already on his second amended complaint and the parties
18 exhaustively met and conferred on this issue.  Mot. at 10.
19 According to Defendants, it is clear Plaintiff has no facts to
20 add thus amendment would be futile.  Id.; Reply at 5.  The Court
21 agrees.  Eminence Cap., LLC, 316 F.3d at 1052.
22
23                   III.  SANCTIONS
24     Violations of the Court's standing order require the
25 offending counsel, not the client, to pay $50.00 per page over
26 the page limit to the Clerk of Court.  Order re Filing
27 Requirements at 1.  Here, Plaintiff's opposition exceeded the
28 Court's page limit by 3 pages.  See Opp'n.  Accordingly,

Plaintiff's counsel must send a check payable to the Clerk for the Eastern District of California for $150.00 no later than seven (7) days from the date of this order.

## IV. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: June 30, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE